A. B. C. PATRICK *v.* JOHN P. REMBERT.

HOMESTEAD EXEMPTION.  *Sale of land for purchase-money.*
  The fact of a defendant's consenting to a judgment against himself is not a
  waiver of his homestead exemption, but, where the judgment would otherwise
  be invalid, it may be rendered valid by the consent of the defendant; and in
  such a case, where the judgment is founded on a debt, in whole or in part,
  for the purchase-money of land or other property, the same may be sold
  under execution on such judgment, free from any exemption.  Code 1871,
  sec. 2142.

ERROR to the Circuit Court of Copiah County.

Hon. S. S. CALHOON, Judge.

Francis M. Rembert obtained a judgment for $8,330, on a
promissory note given by the plaintiff in error for the pur-
chase-money of a certain tract of land. The land was levied
upon and advertised for sale, under an execution on this judg-
ment. The plaintiff in error sued out an injunction against
the sale, on the ground that the sale of the land to himself,
which was under an order of the Probate Court, was illegal
for certain reasons assigned, and that the judgment on the
note given by him was invalid. By agreement of the parties
a decree was entered in the Chancery Court where the suit was
pending, making the injunction perpetual as to all of the judg-
ment except $2,100. This latter amount not having been
paid, an *alias* execution on the judgment was issued for the
same, and the land for which the note was given was levied
upon and sold, when John P. Rembert, the defendant in error,
became the purchaser thereof. John P. Rembert then insti-
tuted an action of ejectment to recover the land, and the
court below gave judgment in his favor.

*Harris & George,* for the plaintiff in error.

The court below denied to the plaintiff in error his home-
stead right. He had not waived it, and could maintain it in
this action in opposition to the purchaser under the decree or
the judgment. Nothing short of an abandonment of the
property as a homestead would amount to a waiver. A

debtor may sell or abandon his homestead, but so long as it is his home no creditor can assail it. And he may assert his right to it after a sale under execution. *Edmonson* v. *Meacham*, 50 Miss. 42 ; 72 N. C. 292. A tenant in common is entitled to assert the right. *McGrath* v. *Sinclair*, *post*, 89 ; Freem. on Co-ten. & Par., secs. 53, 54.

*H. B. Mayes*, for the defendant in error.

The judgment was for the purchase-money of the whole tract. of land. By the decree the judgment was left in full force as a security for $2,100 of the purchase-money. Such was the object and effect of the compromise. No property shall be exempt from execution when the purchase-money thereof forms in whole or in part the debt on which the judgment is founded. Code 1871, sec. 2142. One co-tenant cannot acquire a homestead in the common property without the consent and to the prejudice of his co-tenant. *Smith* v. *Deschaumes*, 37 Texas, 429, 430.

Campbell, J., delivered the opinion of the court.

The judgment in favor of Francis M. Rembert against the plaintiff in error was rendered in an action upon the note executed by him for the purchase-money of the land sued for in this action. As against an execution issued upon that judgment, the plaintiff in error was not entitled to a homestead exemption in that land. Code, sec. 2142 ; Code 1857, p. 530, art. 284.

The dissolution of the injunction obtained by the plaintiff against the execution of that judgment, as to $2,100 of it, left the judgment as to the $2,100 in full force, and operative as a lien upon the whole interest of the plaintiff in error in the land, and he is not entitled to a homestead exemption in·that land as against the execution of the judgment for the sum due upon it, as ascertained by the decree dissolving the injunction *pro.tanto*. Whatever were the rights of the plaintiff in error as against the judgment above mentioned, he accepted as final a decree in his chancery suit to enjoin the judgment by which

the right of the judgment-creditor to enforce it as to $2,100 was declared, and he cannot successfully object to the execution of the judgment for this sum, in the same manner that it would have been executed if he had not interposed his bill for injunction. The decree relieved him from all of the judgment in excess of $2,100, and left that amount to be enforced in the same way as the whole could have been if there had not been a suit in chancery.

It is certainly true, as counsel contends, that merely consenting to a judgment does not waive homestead exemption, and involve consent to sell anything and everything that the defendant has; but consenting to a judgment which is valid but for the party's objection, removes all difficulty from the way of its execution, and where that judgment is founded on a debt for the purchase-money, "in whole or in part," of the thing sold under execution, the purchaser under execution acquires it free from a claim that it is exempt. Code, sec. 2142.

Affirmed.